United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tommie Lee Milton II EL, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-62590-Civ-Scola |
| | ) |
| Sidney Corrie, Jr., and others, | ) |
| Defendants. | ) |

### **Amended Order Granting Defendants' Motions to Dismiss**

Tommie Lee Milton II El, formerly known as Tommie Lee Milton II©®™, proceeding pro se, filed this suit seeking injunctive relief as well as compensatory and punitive damages. This matter is before the Court on the Defendants' Motions to Dismiss (ECF Nos. 16, 23, 32, 62, 66, 75, 79) and the Plaintiff's Amended Motion for Summary Judgment (ECF No. 50). For the reasons set forth in this Order, the Court **grants** the motions to dismiss and **denies as moot** the motion for summary judgment.

1. **Background**

The Complaint alleges that, on January 24, 2013, the Plaintiff "conducted an adverse possession" of a multi-million dollar property in Fort Lauderdale, FL by filing a form titled "Return of Real Property in Attempt to Establish Adverse Possession Without Color of Title" with the Florida Department of Revenue. (Compl. at 2, ECF No. 1.) On January 25, 2013, the Plaintiff went to inspect "his potential property," but Defendant Miles Prince would not let him enter, called the Fort Lauderdale Police Department, and instructed Defendant Ross to break the locks that the Plaintiff had installed on the front door. (*Id.*) The Plaintiff alleges that Defendant Prince had filed a "No Trespassing Affidavit" against the Plaintiff, and that the Plaintiff was subsequently arrested for burglary. (*Id.* at 2-3.) Two employees of the Broward County Property Appraiser's office were allegedly interviewed on local television about the matter, and the Plaintiff claims that they defamed him and made false accusations against him. (*Id.* at 3.) The Plaintiff alleges that he was later arrested a second time on a "fraudulent charge" in retaliation for his adverse possession of the Fort Lauderdale property. (*Id.* at 4.) The Plaintiff alleges that the title to the Fort Lauderdale property was later conveyed in violation of the Plaintiff's due process and equal protection rights. (*Id.*)

The Complaint states that "[t]he plaintiff relies on Attachment A for his Statements of the Case and Facts. All of the factual allegations the plaintiff

complained of are true and correct at law due to the defendant's non-response to the plaintiff's private, foreign, administrative judgment." (*Id.* at 7.) Attachment A is a document labeled "Affidavit in the Nature of Notice of Intent to Sue," signed by the Plaintiff. (*Id.* at 11-19). The affidavit sets forth many of the allegations included in the Complaint, and states that "the affiant gives the defendants 30 days to rebut this foregoing affidavit. . .Failure to respond and/or properly respond to each point of this affidavit within 30 days will result in agreement with all of the facts alleged herein and will result in default in favor of the affiant." (*Id.* at 16.) According to the Certificate of Service attached to the affidavit, the affidavit was served on the Defendants in this matter. (*Id.* at 19.) The Plaintiff subsequently sent the Defendants a "Notice of Default" and a "Final Notice of Default and Estoppel" because they failed to respond to the affidavit. (ECF No. 1-2).

The Complaint lists a number of purported causes of action, including civil theft, defamation, unfair and deceptive business trade practices, false accusations, emotional distress, retaliation, racial discrimination, false imprisonment, lost wages, and pain and suffering. (Compl. at 1, ECF No. 1.) The Complaint asserts that this Court has diversity jurisdiction because the Plaintiff is a Washitaw Moor and is therefore a "Private Citizen," not a citizen of the state of Florida. (*Id.* at 2.) Under the heading "Federal Question Jurisdiction and Brief Summary of the Case and Facts," the Complaint makes various allegations, including that the Defendants violated the Plaintiff's constitutional rights under the 5th, 8th, 13th, and 14th Amendments. (*Id.* at 2-6.)

The Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (*See, e.g.*, Mot. to Dismiss, ECF No. 32.)

**2. Legal Standard**

A district court must have at least one of three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction; or (3) diversity jurisdiction. *Butler v. Morgan*, 562 Fed. App'x. 832, 834 (11th Cir. 2014) (citations omitted). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the action is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign State who are

> lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state. . .as plaintiff and citizens of a State or of different States.

12 U.S.C. § 1332(a).

### 3. Analysis

The Defendants assert that this Court lacks subject-matter jurisdiction because the parties are not diverse and the Plaintiff has not sufficiently alleged that federal question jurisdiction exists. (*See. e.g.*, Mot. to Dismiss at 4-8, ECF No. 32.) The Complaint does not allege that the Court has jurisdiction pursuant to a specific statutory grant. Therefore, the Court must have either diversity jurisdiction or federal question jurisdiction.

#### A. *Diversity Jurisdiction*

The Complaint alleges that diversity jurisdiction exists because the Defendants are citizens of Florida and the Plaintiff is a Washitaw Moor and therefore not a citizen of Florida. (Compl. at 2, ECF No. 1.) Courts have noted that the Washitaw Nation is not recognized by the United States government, and have held that alleged membership in the group is not sufficient to establish diversity jurisdiction. *See, e.g.*, *Allah El v. Avesta Homes, LLC*, 520 Fed. App'x. 806, 809 (11th Cir. 2013) (holding that plaintiffs claiming status as "Moorish Nationals and people of Washitaw Indian descent" had not adequately pleaded diversity jurisdiction because there were no facts establishing that they were citizens of a different nation or resided in a state other than Florida); *Sanders-Bey v. U.S.*, 267 Fed. App'x. 464, 466 (7th Cir. 2008) (noting that the "Washitaw Nation of Muurs" is not recognized by the United States government, and alleged membership in the group is not sufficient to establish diversity jurisdiction). Thus, the Plaintiff's allegation that he is a Washitaw Moor is insufficient to establish that he is a citizen of a foreign state.

The Plaintiff has also not established that he is a citizen of a state other than Florida. For purposes of diversity jurisdiction, "citizenship is equivalent to domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The Complaint specifically alleges that "[t]he plaintiff and most of the defendants are currently domiciled in Broward County, Florida." (Compl. at 2, ECF No. 2.)

Therefore, since the Washitaw Moors are not a recognized foreign state and the Plaintiff has alleged that he is domiciled in Florida, diversity jurisdiction does not exist.

### *B. Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Plaintiff alleges that the Defendants violated his rights under the 5th, 8th, 13th, and 14th Amendments of the Constitution. (Compl. at 3-5, ECF No. 1.) However, the Defendants assert that the Plaintiff does not have a cause of action directly under the United States Constitution and must instead bring his claims under 42 U.S.C. § 1983. (*See, e.g.*, Mot. to Dismiss at 6-8, ECF No. 32.) The Plaintiff's Amended Motion for Summary Judgment requests that the Court construe the Complaint as an action under 42 U.S.C. § 1983 due to the Plaintiff's pro se status. (Mot. for Summary Judgment at 2, ECF No. 50.) However, regardless of whether the Plaintiff has a direct cause of action under the Constitution or the Court construes the Complaint as an action under 42 U.S.C. § 1983, dismissal is warranted.

A court may dismiss a federal question claim "for lack of subject-matter jurisdiction if (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) such a claim is wholly insubstantial and frivolous." *Butler v. Morgan*, 562 Fed. App'x. 832, 834 (11th Cir. 2014) (per curiam) (citing *Blue Cross & Blue Shield of Ala. V. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)); *see also Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (noting that although typically a court must assume jurisdiction in order to determine whether a complaint states a cause of action, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial. . . or where such a claim is wholly insubstantial and frivolous."); *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (citations omitted) ("[t]he test of federal jurisdiction is not whether the cause of action is one on which the claimant may recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify. . . the court's dismissal for want of jurisdiction.'") A claim is wholly insubstantial and frivolous if it has no plausible foundation. *Butler*, 562 Fed. App'x. at 834. A court may dismiss a complaint for lack of subject-matter jurisdiction based on the allegations in the complaint as well as undisputed facts evidenced in the record. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The alleged violations of the Plaintiff's constitutional rights have no plausible foundation, and are insubstantial and frivolous. The Plaintiff's references to the alleged constitutional violations are made in shotgun fashion and contain little factual support. (*See* Compl. at 3-5, ECF No. 1.) The alleged constitutional violations all appear to relate to the Plaintiff's adverse possession of the Fort Lauderdale property. Florida law provides that a claim of adverse

possession is established if the possessor has been in actual continued possession of the property for 7 years and, among other things: (1) paid all outstanding taxes within one year after entering into possession of the property, (2) filed a return of the property within 30 days of paying the outstanding taxes, and (3) subsequently paid all taxes for all remaining years. Fla. Stat. § 95.18(1) (2013).

In support of his allegation that he adversely possessed the Fort Lauderdale property, the Plaintiff attached a "Return of Real Property In Attempt to Establish Adverse Possession Without Color of Title," dated January 25, 2013, that he filled out and submitted to the Florida Department of Revenue for the Fort Lauderdale Property. (Compl. at 21, ECF No. 1.) However, the form itself states that "This return does not create any interest enforceable by law in the described property." (*Id.*) The Plaintiff alleges that when he tried to enter his "potential property" on January 25, 2013, Defendant Prince blocked the entrance and had obtained a "No Trespassing Affidavit." (*Id.* at 2.) Indeed, the affidavit that the Plaintiff attached to the Complaint acknowledges that Defendant Sidney Corrie, Jr. owned the Fort Lauderdale property. (*Id.* at 12.) Furthermore, Defendant Kollar Florida LLC submitted tax records that show that on March 27, 2013, Catalina Tax Co LLC paid outstanding taxes on the property for 2010. (Def. Kollar Florida LLC's Mot. to Dismiss at Ex. D, ECF No. 66.)

Therefore, the facts alleged in the Complaint, the documents attached to the Complaint, and the tax records submitted by Defendant Kollar Florida LLC establish that the Plaintiff did not have an ownership interest in the Fort Lauderdale property. Since the alleged violations of the Plaintiff's equal protection and due process rights all relate to the Plaintiff's purported property interest in the Fort Lauderdale property, the alleged violations have no plausible basis and are insubstantial and frivolous.

Although the Complaint references the Plaintiff's "wrongful imprisonment" and alleges violations of his 8th and 13th Amendment rights, these claims are also frivolous and insubstantial. First, there is no allegation that the Defendants forced the Plaintiff into slavery or involuntary servitude. Second, the affidavit that the Plaintiff attached to the Complaint states that he was arrested on January 25, 2013 for failure to pay child support. (Compl. at 12, ECF No. 1.) The affidavit asserts that he was arrested a second time, on March 26, 2013, for failure to pay child support and for burglary of an occupied dwelling. (*Id.* at 13.) Thus, the alleged violations of the Plaintiff's 8th Amendment rights are apparently unrelated to the allegations in the Complaint concerning the Defendants' conduct.

For the reasons set forth above, the alleged violations of the Plaintiff's constitutional rights are frivolous and insubstantial, and therefore the Court

dismisses the Plaintiff's claims for lack of subject-matter jurisdiction. The factual allegations concerning the violations of the Plaintiff's constitutional rights are so bereft of substance that any attempt at amendment would be futile.

### 4. Conclusion

Accordingly, the Court **grants** the Defendants' Motions to Dismiss (ECF Nos. 16, 23, 32, 62, 66, 75, 79) and **dismisses** the Complaint. The Court **denies as moot** the Plaintiff's Amended Motion for Summary Judgment (ECF No. 50). The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on May 17, 2017 nunc pro tunc to April 12, 2017.

Robert N. Scola, Jr.
United States District Judge

*Copy to*:
Tommie Lee Milton II El
18331 Pines Boulevard #240
Pembroke Pines, FL 33029