United States District Court
for the
Southern District of Florida

| Tommie Lee Milton II EL, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 16-62590-Civ-Scola |
| | ) | |
| Sidney Corrie, Jr., and others, | ) | |
| Defendants. | ) | |

### Order on Plaintiff's Motion to Vacate

This matter is before the Court on the Plaintiff's Motion to Vacate Amended Order Granting Motion to Dismiss (ECF. No. 114.) Federal Rule of Civil Procedure 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Final judgments should not be reopened lightly. *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th. Cir 1984). Relief under Rule 60(b) "is afforded only upon a showing of exceptional circumstances." *Securities and Exchange Comm'n v. Lauer*, No. 03-80612, 2015 WL 11004892, at *3 (S.D. Fla. Nov. 24, 2015) (Marra, J.).

The Plaintiff raises six arguments in his motion to vacate and ultimately argues that this Court should vacate its dismissal due to fraud, mistake, and newly discovered evidence. (Mot. to Vacate, ECF No. 114.) The Plaintiff first argues that audio and video footage of his arrest is newly discovered evidence. (*Id.* at 1.) However, the Plaintiff specifically acknowledges that this evidence was "submitted" in his criminal case on July 21, 2014. (*Id.*) Therefore, the evidence is not newly discovered.

The Plaintiff also argues that the Court was fraudulently induced into ruling in the Defendants' favor because one of the Defendants incorrectly stated that the "plaintiff never raised the issue of subject matter jurisdiction." (*Id.*) In order to succeed on this ground, "the moving party must establish by clear and convincing evidence that (1) the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 691 (S.D. Fla. 2007) (Cohn, J.) (internal quotations and citations omitted). The Plaintiff has not shown by clear and convincing evidence that any of the Defendants engaged in fraud or misconduct or that he was prevented from fully and fairly presenting his case. Moreover, the Court's Amended Order Granting Defendants' Motion to Dismiss substantively analyzed whether the Court had subject matter jurisdiction over the Plaintiff's claims and did not rely on the statement that the Plaintiff claims is fraudulent (ECF No. 111).

The remainder of the Plaintiff's claims consist of conclusory arguments that the Court's analysis was "mistaken," and repeats the same arguments that he raised in response to the Defendants' motions to dismiss. (*Id.* at 2-4.) None of the Plaintiff's arguments demonstrate that the Court's analysis was incorrect.

Accordingly, the Court **denies** the Plaintiff's motion to vacate (**ECF No. 114**).

**Done and ordered** in chambers, at Miami, Florida, on June 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge